# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. WHEELER'S MEAT MARKET, INC., an Oklahoma Domestic Corporation,<br><br>Plaintiff,<br><br>v.<br><br>1. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a foreign for profit Insurance Corporation,<br><br>Defendant. | Case No.: 17-cv-523-M |

## AMENDED COMPLAINT

### A. Parties

1. Plaintiff, Wheeler's Meat Market, Inc., is an Oklahoma domestic corporation incorporated and organized under the laws of the State of Oklahoma, with its principal place of business in the State of Oklahoma.

2. Defendant, Travelers Casualty Insurance Company of America, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Connecticut.

3. The principal place of business for Defendant, Travelers Casualty Insurance Company of America, is Hartford, Connecticut.

4. The Defendant, Travelers Casualty Insurance Company of America, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiff, Wheeler's Meat Market, Inc., owned a commercial building located at 1524 SE 44th, in Oklahoma City, Oklahoma, which was insured under the terms and conditions of a property insurance policy, policy number 680-3375P777-15-42, issued by the Defendant, Travelers Casualty Insurance Company of America.

8. At all times material hereto, the Plaintiff, Wheeler's Meat Market, Inc., complied with the terms and conditions of its insurance policy.

9. On or about May 6, 2015, the Plaintiff, Wheeler's Meat Market, Inc. located at 1524 SE 44th in Oklahoma City, Oklahoma, sustained damage as a result of a tornado.

10. Tornado damage is a covered peril not limited or excluded pursuant to the

terms and conditions of Plaintiff's property insurance policy.

### D. Count I: Breach of Contract

11. Plaintiff, Wheeler's Meat Market, Inc., hereby asserts, alleges and incorporates paragraphs 1-10 herein.

12. The property insurance policy, policy number 680-3375P777-15-42, issued by Defendant, Travelers Casualty Insurance Company of America, was in effect on May 6, 2015.

13. Subsequent to the May 6, 2015 tornado, Plaintiff, Wheelers Meat Market, Inc., timely submitted a claim to Defendant, Travelers Casualty Insurance Company of America. Defendant failed to properly investigate, evaluate, and issue adequate payment for Plaintiff's loss of business income resulting from the tornado. Defendant's failure to properly indemnify the Plaintiff for its loss of business income and extra expenses amounts to a breach of the insurance policy.

14. The acts and omissions of Defendant, Travelers Casualty Insurance Company of America, in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant, Travelers Casualty Insurance Company of America, breached its contract with Plaintiff, Wheeler's Meat Market, Inc., by failing to conduct a reasonable investigation of the Plaintiff's claim and by failing to properly investigate, evaluate, and issue adequate payment for Plaintiff's loss of

business income resulting from the tornado. Defendant ignored and/or refused to consider information regarding Plaintiff's business expenses and business losses incurred as a result of the tornado damage. Defendant also failed to properly and reasonably investigate and evaluate Plaintiff's business loss calculations and extra expenses resulting in an unreasonable delay and underpayment of Plaintiff's claim. Further, Defendant failed to explain policy coverages and benefits to Plaintiff. Throughout the claim, Defendant resisted payment for covered damages sustained by Plaintiff including, but not limited to, loss of business income, claim investigation expense, debris removal and cleanup costs.

15. Specifically, Defendant's calculations for loss of business income and business interruption were incorrect and amounted to an underpayment of the claim as they failed to adequately capture and document Plaintiff's loss of business income and damages as a result of the business interruption. In response, Plaintiff submitted a report to Defendant from a licensed CPA which documented over $200,000.00 in additional lost business income and business interruption damages. Defendant unreasonably failed to consider, analyze, or investigate this information and refused to issue any additional payment to Plaintiff for its lost business income and business interruption damages. Additionally, Plaintiff's policy provides coverage for claim expenses incurred "in preparing claim data….to show the extent of loss." Accordingly, Plaintiff submitted to Defendant an invoice for its costs associated

with hiring a CPA to generate a lost business income and business interruption computation. Defendant failed to consider, analyze, or investigate this information and denied payment for these covered claim expenses without any reasonable justification or excuse. Defendant simply stated that this information was "not helpful" and thus would not be paid.

16. Additionally, Plaintiff submitted another report to Defendant, this time from OU Professor of Economics Dr. Will Clark, which again documented substantial loss of business income and business interruption damages over and above what Defendant had agreed to pay. These additional losses were covered under the terms and conditions of the insurance policy purchased by Plaintiff. Defendant unreasonably refused to consider, analyze, or investigate this information or issue any additional payments based upon it. In fact, Defendant sent a denial letter to Plaintiff only three (3) business days after receiving Dr. Clark's report and damage computation. Defendant unreasonably failed to consider, analyze, or investigate Dr. Clark's report and unreasonably denied payment for the covered losses outlined therein without any reasonable justification or excuse.

17. Additionally, Plaintiff incurred costs associated with the cleanup of windblown debris following the tornado. These costs are covered under the terms and conditions of the insurance policy purchased by Plaintiff. Plaintiff submitted this information to Defendant and asked Defendant to perform under the policy by

issuing payment for these covered debris removal and cleanup costs. Defendant unreasonably refused to issue any payment for these covered damages.

### E. Count II: Bad Faith

18.  Plaintiff, Wheeler's Meat Market, Inc., hereby asserts, alleges and incorporates paragraphs 1-17 herein.

19.  The acts and omissions of the Defendant, Travelers Casualty Insurance Company of America in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.

20.  Defendant Travelers Casualty Insurance Company of America's refusal to properly investigate, evaluate, and issue adequate payment for Plaintiff's loss of business income claim amounts to a bad faith breach of Plaintiff's insurance policy. Defendant, Travelers Casualty Insurance Company of America, acted in bad faith by failing to conduct a reasonable investigation of the Plaintiff's claim and by failing to properly investigate, evaluate, and issue adequate payment for Plaintiff's loss of business income resulting from the tornado. Defendant ignored and/or refused to consider information regarding Plaintiff's business expenses and business losses incurred as a result of the tornado damage.  Defendant also failed to properly and reasonably investigate and evaluate Plaintiff's business loss calculations and extra expenses resulting in an unreasonable delay and

underpayment of Plaintiff's claim. Further, Defendant failed to explain policy coverages and benefits to Plaintiff. Throughout the claim, Defendant resisted payment for covered damages sustained by Plaintiff including, but not limited to, loss of business income, claim investigation expense and debris removal and cleanup costs.

21. Specifically, Defendant's calculations for loss of business income and business interruption were incorrect and amounted to an underpayment of the claim as they failed to adequately capture and document Plaintiff's loss of business income and damages as a result of the business interruption. In response, Plaintiff submitted a report to Defendant from a licensed CPA which documented over $200,000.00 in additional lost business income and business interruption damages. Defendant unreasonably failed to consider, analyze, or investigate this information and refused to issue any additional payment to Plaintiff for its lost business income and business interruption damages. Additionally, Plaintiff's policy provides coverage for claim expenses incurred "in preparing claim data….to show the extent of loss." Accordingly, Plaintiff submitted to Defendant an invoice for its costs associated with hiring a CPA to generate a lost business income and business interruption computation. Defendant failed to consider, analyze, or investigate this information and denied payment for these covered claim expenses without any reasonable justification or excuse. Defendant simply stated that this information was "not

helpful" and thus would not be paid.

22. Additionally, Plaintiff submitted another report to Defendant, this time from OU Professor of Economics Dr. Will Clark, which again documented substantial loss of business income and business interruption damages over and above what Defendant had agreed to pay. These additional losses were covered under the terms and conditions of the insurance policy purchased by Plaintiff. Defendant unreasonably refused to consider, analyze, or investigate this information or issue any additional payments based upon it. In fact, Defendant sent a denial letter to Plaintiff only three (3) business days after receiving Dr. Clark's report and damage computation. Defendant unreasonably failed to consider, analyze, or investigate Dr. Clark's report and unreasonably denied payment for the covered losses outlined therein without any reasonable justification or excuse.

23. Additionally, Plaintiff incurred costs associated with the cleanup of windblown debris following the tornado. These costs are covered under the terms and conditions of the insurance policy purchased by Plaintiff. Plaintiff submitted this information to Defendant and asked Defendant to perform under the policy by issuing payment for these covered debris removal and cleanup costs. Defendant unreasonably refused to issue any payment for these covered damages. Defendant intentionally misrepresented policy provisions to Plaintiff by stating that Plaintiff could not be reimbursed for these debris removal expenses because Plaintiff's own

employees participated in the cleanup.

## F. Punitive Damages

24. Plaintiff, Wheeler's Meat Market, Inc., hereby asserts, alleges and incorporates paragraphs 1-17 herein.

25. The unreasonable conduct of the Defendant, Travelers Casualty Insurance Company of America, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff, Wheeler's Meat Market, Inc., for which punitive damages are hereby sought.

## G. Demand for Jury Trial

26. The Plaintiff, Wheeler's Meat Market, Inc., hereby requests that the matters set forth herein be determined by a jury.

## H. Prayer

27. Having properly pled, the Plaintiff, Wheeler's Meat Market, Inc., hereby seeks contractual, bad faith and punitive damages against the Defendant, Travelers Casualty Insurance Company of America, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2017, I electronically transmitted the foregoing document, Amended Complaint to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Darrell Downs
R. Stratton Taylor
Jacob R. Daniel

**COUNSEL FOR DEFENDANT**

*S/ Michael D. McGrew*
Michael D. McGrew