IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Wheeler's Meat Market, Inc., an Oklahoma Domestic Corp., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-17-523-M |
| Travelers Casualty Insurance Company of America, a Foreign for profit Insurance Corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the defendant's Motion to Dismiss Amended Complaint, filed October 27, 2017. On November 16, 2017, plaintiff filed its response, and on November 27, 2017, defendant filed its reply. Based on the parties' submissions, the Court makes its determination.

I.     Introduction

Plaintiff alleges it owned a commercial building at 1524 SE 44th St. in Oklahoma City that was insured by defendant. Plaintiff's building allegedly sustained damage as a result of the May 6, 2015 tornado. Plaintiff further alleges the

1

tornado damage is a covered peril not limited or excluded by the terms of the insurance policy. Plaintiff alleges it timely submitted its claim to defendant for payment of damages sustained. Additionally, plaintiff alleges defendant failed to properly investigate, evaluate, and issue adequate payment for plaintiff's losses as well as indemnify plaintiff for its business income and extra expenses. Plaintiff alleges defendant's acts constitute breach of contract, and breach of the duty of good faith and fair dealing and that defendant is liable for punitive damages.

## II.   Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant's is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.     Breach of Contract Claim

In order to recover on its breach of contract claim, plaintiff must show: (1) the formation of a contract; (2) breach of that contract; and (3) damages as a direct result of the breach. *See Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834,

843 (Okla. 2001).  Having reviewed the allegations set forth in plaintiff's Amended Complaint in the light most favorable to plaintiff, the Court finds plaintiff has pled sufficient facts to make out a case for breach of contract. Specifically, the Court finds plaintiff has alleged a contract, a breach of contract, and how it was damaged by the defendant sufficiently enough to survive a motion to dismiss.

## IV.     Breach of the Duty of Good Faith and Fair Dealing Claim

Under Oklahoma law to plead a claim for breach of the duty of good faith and fair dealing, plaintiff must show 1) the insurer was required to pay the insured's claim under the insurance policy; 2) the failure to pay the claim in full was unreasonable under the circumstances because the insurer a) had no reasonable basis for refusal, b) did not perform a proper investigation of the claim, or c) did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and in good faith with the insured; and 4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the insured. *See Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005).

Having carefully reviewed the Amended Complaint in the light most

favorable to plaintiff, the Court finds plaintiff has not set forth sufficient factual allegations to state a plausible claim for a breach of the duty of good faith and fair dealing. Specifically, the Court finds that all the allegations in plaintiff's Amended Complaint are simply conclusory. The same facts used to set out the breach of contract claim were used to establish plaintiff's breach of duty of good faith and fair dealing claim. Plaintiff did not allege any facts or meet the elements set out in *Badillo*. *Id*. at 1093. Accordingly, the Court finds plaintiff's breach of the duty of good faith and fair dealing should dismissed.[1]

V. Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion to Dismiss [Docket No. 17] on the breach of good faith and fair dealing claim and punitive damages claim and DENIES the Motion on the breach of contract claim.

**IT IS SO ORDERED THIS 21st day of February, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

1 As the claim for breach of fair dealing and good faith has been dismissed, there can be no claim for punitive damages on the breach of contract claim.